UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>RICKY DAMIAN JOHNSTON,<br><br>　　　　Defendant. | Case No.: 2:14-cr-00366-APG-PAL<br><br>Order Denying Motion for Compassionate Release<br><br>[ECF Nos. 103, 128] |

　　　　Ricky Damian Johnston pleaded guilty to receipt of child pornography and was sentenced to 144 months in custody. ECF No. 92.  He has served 60-70% of that sentence, and his release date is in January, 2025. ECF No. 128 at 2.  He now moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A) because he suffers from high blood pressure, is obese, is 63 years old, and is worried about contracting COVID-19. *Id.*  The United States opposes the request.

　　　　The compassionate release statute authorizes courts to reduce a defendant's prison term "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A).  The United States does not contest that Johnston has exhausted his administrative remedies. ECF No. 130 at 3-4.

　　　　The compassionate-release provision of 18 U.S.C. § 3582(c)(1)(A)(i) allows me to reduce a sentence based on "extraordinary and compelling reasons."  I must consider the factors in 18 U.S.C. § 3553(a) "to the extent that they are applicable," and any sentence reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission,"

including the requirement that the defendant "is not a danger to the safety of any other person or to the community." 18 U.S.C. § 3582(c)(1)(A)(i) (referring to U.S.S.G. § 1B1.13(2)).

No doubt, the COVID-19 virus presents a risk to all incarcerated people. It also presents a risk to citizens who are not incarcerated. Johnston's health conditions place him at a higher risk. The Bureau of Prisons (BoP) is taking steps to treat and prevent the spread of the virus at FCI Terminal Island, and there are no reported inmate cases there at present. *See* Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed June 14, 2022). The availability of a COVID-19 vaccine at the prison further undercuts the finding of an extraordinary and compelling reason for compassionate release. *United States v. McRae*, No. 21-4092, 2022 WL 803978, at *2 (10th Cir. Mar. 17, 2022).

If Johnston is released, he will still have the same risk of infection based on his medical condition because the virus has not been eradicated in the non-custodial environment. Releasing Johnston would require him to be transported, which would expose him and the U.S. Marshal or BoP personnel to greater risk of exposure. Release also would necessitate interaction with Probation Officers, to set up and continue monitoring him. Release also would expose Johnston to infection from his family members or others he and they come into contact with through daily activities.

Johnston has not presented "extraordinary and compelling" reasons to justify releasing him early. I therefore deny his motion.

I THEREFORE ORDER that the defendant's motion for compassionate release **(ECF Nos. 103, 128) is denied**.

DATED this 14th day of June, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE