UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>v.<br><br>RICKY DAMIAN JOHNSTON,<br><br>    Defendant | Case No.: 2:14-cr-00366-APG-PAL<br><br>**Order to Supplement the Record** |

Ricky Damian Johnston filed a letter pro se that was docketed as a motion for leave to file a motion under 28 U.S.C. § 2255. ECF No. 116. I appointed counsel for Johnston, characterized his letter as a motion to vacate his sentence under § 2255, and ordered supplemental briefing. ECF Nos. 134; 136. In his supplement, Johnston primarily argues that his attorney rendered ineffective assistance by failing to move to suppress evidence found on his laptop after police allegedly coerced him into disclosing his password. ECF No. 135. Because the record is insufficient to review his claims, I order Johnston's prior counsel and the government to submit additional materials.

When a defendant files a § 2255 motion, the district court "shall" grant an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Rule 7 of the Rules Governing § 2255 Proceedings permits the court to "direct the parties to expand the record by submitting additional materials relating to the motion."

Here, there is insufficient evidence to review Johnston's ineffective assistance of counsel claim because the record does not "affirmatively manifest the [claim's] factual or legal invalidity." *United States v. Rodriguez*, No. 21-15117, --- F.4th ----, 2022 WL 4393571, at *5

(9th Cir. Sept. 23, 2022) (quotation omitted).  Because Johnston "raises a claim which in fairness requires disclosure" of protected communications, I deem the attorney-client privilege between Johnston and his prior counsel, Yi Lin Zheng, implicitly waived only for purposes of his ineffective assistance of counsel claim. *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992).  I therefore order Ms. Zheng to submit an affidavit responding to Johnston's allegation of ineffective assistance of counsel regarding a motion to suppress.

The record is also insufficient to determine whether Johnston could have suffered prejudice from his attorney's failure to challenge the search of the laptop.  Johnston alleges "the vast majority" of the evidence of child pornography was found on his laptop. ECF No. 135 at 7. While there is evidence that child pornography was found on other devices, the record neither conclusively supports nor refutes Johnston's claim that most of the images were on the laptop at issue.  This could affect the sentencing factors.  I therefore order the government to submit the results of the forensic examination referenced in the plea agreement. ECF No. 50 at 5.

I ORDER Johnston's current counsel to contact his prior counsel, Yi Lin Zheng, by October 10, 2022 and to provide her copies of Johnston's supplemental brief (ECF No. 135) and this order.  I further order Ms. Zheng to file an affidavit responding to Johnston's allegations, as detailed in his supplemental response (ECF No. 135) by October 24, 2022.

I FURTHER ORDER the government to file the results of the forensic examination referenced in the plea agreement by October 24, 2022.  If necessary, the report will be filed under seal.  If so, the government will also file a motion to seal and an unsealed, redacted version of the report.

/ / / /

/ / / /

I FURTHER ORDER that both parties may file an optional reply brief limited to five pages addressing only the newly admitted materials by November 14, 2022.

DATED this 3rd day of October, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE