# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>RICKY DAMIAN JOHNSTON,<br><br>Defendant | Case No.: 2:14-cr-00366-APG-PAL<br><br>**Order Denying Motion to Vacate Sentence Under 28 U.S.C. § 2255**<br><br>[ECF No. 116] |

Ricky Damian Johnston pleaded guilty to receipt of child pornography and is currently serving a 144-month sentence. He filed a letter pro se that was docketed as a motion for leave to file a motion under 28 U.S.C. § 2255. ECF No. 116. I appointed counsel for Johnston, characterized his letter as a motion to vacate, set aside, or correct his sentence under § 2255, and ordered supplemental briefing. ECF Nos. 134; 136; 138. His counsel affirmed that Johnston intended the initial letter to be a § 2255 motion. ECF No. 121.

Johnston asserts three grounds for relief in his motion: (1) during his detention hearing, the prosecutor incorrectly "stated to the court that [Johnston] had been traveling overseas since 2005 and having sex with children," (2) his trial counsel was ineffective for failing to move to suppress evidence of child pornography gathered during the search of his house and computers, and (3) his counsel did not properly object to and argue against the restitution amount he was ordered to pay at his sentencing hearing. ECF Nos. 116; 135. Because all three of Johnston's claims are contradicted by the record, I deny his motion and deny him a certificate of appealability.

/ / / /

/ / / /

I. **DISCUSSION**

A federal prisoner may move to vacate, set aside, or correct a sentence "imposed in violation of the Constitution or laws of the United States . . . ." 28 U.S.C. § 2255(a). Generally, claims of error that were not raised on direct appeal are procedurally defaulted, unless the movant can show (1) actual innocence or (2) cause for the default and prejudice resulting from the error. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Seng Chen Yong*, 926 F.3d 582, 590 (9th Cir. 2019). Claims alleging ineffective assistance of counsel may be brought under § 2255 regardless of whether they were raised earlier, because the trial record is often inadequate for bringing those claims on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504-05 (2003). However, attorney error short of that which is constitutionally ineffective under the Sixth Amendment is not generally sufficient to establish cause to excuse a procedural default. *Murray v. Carrier*, 477 U.S. 478, 492 (1986).

**A. Detention Hearing Statements**

Johnston first contends that during his detention hearing, the prosecutor "stated to the court that [Johnston] had been traveling overseas since 2005 and having sex with children." ECF No. 116 at 1. The transcript from that hearing belies this, however, as the prosecutor mentioned only one trip in 2010 to Thailand but indicated "there may have been more." ECF No. 81 at 6. Johnston's counsel noted the police alleged Johnston traveled "to the Philippines every six months between 2003 and 2010," but stated he was "disagreeing with that." *Id.* at 11-12. Johnston's counsel also pointed out that the prosecutor's reference to a trip to Thailand was incorrect, and the prosecutor eventually admitted she did not have evidence to support the allegation. *Id.* at 12, 15-16.

Because Johnston did not raise this claim on direct appeal and has not shown cause and prejudice, it is procedurally defaulted. But even if the claim was preserved, it is directly contradicted by the record. During the detention hearing, Magistrate Judge Ferenbach stated that he was not going to consider any allegation about travel to Thailand because it was unsupported. *Id.* at 18. Thus, even if Johnston's allegation was true, he suffered no prejudice from the prosecutor's alleged statement. I deny relief on this ground.

**B. Ineffective Assistance of Counsel**

Johnston next argues that his counsel was ineffective for failing to move to suppress evidence of child pornography seized during the search of his house and computers. ECF Nos. 116 at 2; 135 at 7. To prevail under § 2255 on an ineffective assistance of counsel claim, Johnston must establish (1) his counsel's performance was deficient, and (2) that deficiency prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Here, the record forecloses Johnston demonstrating either prong.

    1. <u>Deficiency</u>

To establish deficiency, Johnston must show his attorney's performance fell "below an objective standard of reasonableness." *Id.* at 688. I apply a "strong presumption that counsel's representation was within the wide range of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quotation omitted). It is not enough for Johnston to show his attorney deviated from best practices or common custom, but rather he must establish that counsel's errors were so serious that they were no longer "functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. I evaluate the error from counsel's perspective at the time of the conduct, considering the "wide latitude counsel must have in making tactical decisions." *Id.* at 689. Furthermore, because plea bargains

are "the result of complex negotiations suffused with uncertainty" and require defense attorneys to make "careful strategic choices in balancing opportunities and risks," habeas courts must "respect their limited role" in deciding whether counsel was deficient. *Premo v. Moore*, 562 U.S. 115, 124-25 (2011).

Johnston alleges he was compelled to give his laptop password and desktop computer location in violation of his *Miranda* rights. ECF No. 135 at 5.  He argues his attorney's failure to challenge the search of his devices was deficient because "almost all of the evidence supporting [his] conviction" was obtained after these disclosures, and because filing a motion to suppress had "substantial upside" and "no downside." *Id.* at 5, 7.  The government counters that had Johnston's attorney moved to suppress the devices, the government may not have offered a plea agreement dismissing Johnston's 180-month mandatory minimum production charge and may not have offered a plea agreement at all. ECF No. 137 at 7.

I ordered Johnston's prior counsel, Yi Lin Zheng, to respond to Johnston's allegations, and her response forecloses Johnston's ineffective assistance of counsel claim. ECF Nos. 138; 140.  Ms. Zheng stated that she and Johnston's former lead counsel made a tactical decision not to move to suppress because it was unlikely to succeed on several fronts: it would be difficult to establish that the search of Johnston's home triggered *Miranda* warnings, Johnston made voluntary, self-inculpatory post-*Miranda* statements, and regardless the government would likely be able to demonstrate an independent source for the evidence. ECF No. 140.  Instead, his prior counsel elected to try to negotiate away the 180-month mandatory minimum sentence, which they ultimately succeeded in doing. *Id.*  Because his attorney's performance "was within the wide range of reasonable professional assistance" permitted by *Strickland*, Johnston cannot establish the deficiency prong for his ineffective assistance of counsel claim.

2. <u>Prejudice</u>

Johnston also cannot establish prejudice, which requires him to show there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  A reasonable probability is not simply showing the errors "had some conceivable effect on the outcome of the proceeding," but rather that counsel's errors were so serious as to deprive the defendant of a fair proceeding. *Id.* at 687, 693.  In the context of a plea bargain, Johnston must show that but for his attorney's errors, he "would either have gone to trial or received a better plea bargain." *United States v. Rodriguez-Vega*, 797 F.3d 781, 788 (9th Cir. 2015) (quotation omitted).

Johnston argues he suffered prejudice because if his laptop and desktop computer had been suppressed, the only remaining evidence against him would have been three instances of child pornography seized prior to the search at issue. ECF No. 135 at 7.  He argues this would have lessened his sentence and might have "rais[ed] the prospect of an acquittal or at least a more favorable deal at sentencing." *Id.*  The government counters that it would have gained access to the devices through inevitable discovery and argues the record does not support Johnston's assertion that the vast majority of the images came from the laptop at issue. ECF No. 137 at 8.

I ordered the government to submit the results of the forensic examination of Johnston's devices so I could assess his claim that most of the images were on the challenged laptop and desktop. ECF No. 138.  The forensic report confirms that Johnston did not suffer prejudice from his attorney's decision not to move to suppress.  Although Johnston provided the password for an external hard drive that contained thousands of images and hundreds of videos, the examiner also found 21 videos and hundreds of images on other devices. ECF No. 139-1 at 14-16.  Even in the

unlikely event of a successful motion to suppress his password-protected external hard drive and desktop computer, Johnston would still have faced the same sentencing enhancement given the number of images and videos on his other devices. *See* U.S.S.G. § 2G2.2(b)(7)(D), cmt. n.6(B)(ii) (2018). Furthermore, as Johnston's prior counsel conceded, law enforcement would have accessed the challenged devices without Johnston's assistance, and the evidence would have been admissible under the inevitable discovery doctrine. ECF No. 140 at 2; *United States v. Young*, 573 F.3d 711, 721 (9th Cir. 2009). Johnston cannot establish that his counsel performed deficiently or that he suffered any prejudice, so I deny relief on this ground.

### C. Restitution

Finally, Johnston contends that his counsel did not properly object to and argue against the restitution amount he was ordered to pay at his sentencing hearing. ECF No. 116 at 2-3. He alleges that "5-10 minutes before [his] sentencing hearing was to begin, [his] attorney Miss Zheng informed [him] that the amount per victim was being changed from $3000 per victim to $5000 per victim," and he "would have to sign a new plea agreement." *Id.* at 2. This claim is contradicted by the record.

Johnston signed his plea agreement on September 5, 2017. ECF No. 50. He was sentenced almost one year later, on August 22, 2018. ECF No. 69. His plea agreement included his stipulation to pay $5,000 per identified victim. ECF No. 50 at 11-12. On the day he pleaded guilty, he signed a revised plea agreement, but that version did not change the restitution amount. *See* ECF No. 82 at 34-36. Notably, the changes to the original version ordered at the sentencing hearing were made at Johnston's request. *Id.* at 35-36. But he did not request a change to the restitution amount, and he did not object to paying restitution during his plea colloquy or at any time over the next year before he was sentenced.

In child pornography cases, the court "shall" order restitution for the full amount of the victim's losses. 18 U.S.C. § 2259(a). That amount should be "a reasonable and circumscribed award imposed in recognition of the indisputable role of the offender in the causal process underlying the victim's losses and suited to the relative size of that causal role." *Paroline v. United States*, 572 U.S. 434, 459 (2014). After reviewing victim impact statements detailing the harms suffered by four of the victims, I ordered restitution in the amount of $5,000 per victim, for a total amount of $20,000. ECF No. 83 at 40. Because this complies with *Paroline*'s requirements, I deny relief on this ground.

## II. CERTIFICATE OF APPEALABILITY

To appeal this order, Johnston must receive a certificate of appealability from a circuit or district judge. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22-1(a). To obtain this certificate, Johnston "must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted). This standard is "lenient." *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc), *overruled on other grounds by Swarthout v. Cooke*, 562 U.S. 216 (2011).

Reasonable jurists could not debate that Johnston has failed to show he is entitled to relief on all three of his claims, which are contradicted by the record. I therefore deny him a certificate of appealability.

/ / / /

/ / / /

### III. CONCLUSION

I THEREFORE ORDER that Johnston's motion to vacate his sentence **(ECF No. 116) is DENIED**.

I FURTHER ORDER that a certificate of appealability is **DENIED**.

DATED this 27th day of December, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE